Carla G. McClurg, CSB# 227738
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorney for Gail Brehm Geiger, Acting United States Trustee for Region 18

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Thomas McAvity | Miscellaneous Case No.  15-304-pcm<br><br>**STIPULATION FOR ENTRY OF ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION** |

Acting United States Trustee for Region 18 Gail Brehm Geiger (the "UST") and Thomas McAvity ("McAvity") hereby represent and stipulate as follows:

### Stipulated Facts

1.      McAvity is a member of the Oregon State Bar and is admitted to practice in the District Court for the District of Oregon.  McAvity was admitted to the Oregon State Bar on September 12, 2000.

2.      McAvity is also a member of the Washington State Bar and is admitted to practice in the District Court for the Western District of Washington.  McAvity was admitted to the Washington State Bar on July 12, 2004.

**Page 1 - STIPULATION FOR ENTRY OF ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15

3.      The UST conducted a Fed. R. Bankr. P. 2004 examination of McAvity on November 2, 2015 in connection with the case of *In re Micah David Blank and Julie Anna Blank*, Bankruptcy Court for the District of Oregon Case No. 15-32345-pcm13 (the "Blank Case"). By agreement, McAvity agreed to testify regarding the UST's concerns in several other cases identified by the UST and regarding general concerns of the UST regarding McAvity's practices.

4.      McAvity filed articles of incorporation for Northwest Debt Relief Law Firm, P.C. ("NW Debt Relief") with the Oregon Secretary of State on September 17, 2009. McAvity is the sole shareholder and president of NW Debt Relief.

5.      NW Debt Relief is the law firm through which McAvity practices bankruptcy law. NW Debt Relief employs two attorneys in addition to McAvity and several support staff members.

6.      The principal place of business of NW Debt Relief is 2225 NE Alberta Street, Suite A, Portland, Oregon (the "Portland Office"). NW Debt Relief also maintains offices in Tukwila, Washington; Tacoma, Washington; Vancouver, Washington (the "Vancouver Office"); and Salem, Oregon.

### *In re Micah David Blank and Julie Anna Blank*,

### Bankruptcy Court for the District of Oregon Case No. 15-32345-pcm13

7.      Micah David Blank and Julie Anna Blank (the "Blanks") live in Baker City, Oregon.

8.      The Blanks electronically signed a retainer agreement with NW Debt Relief on May 12, 2015, for NW Debt Relief to represent them in a chapter 13 bankruptcy case.

9.      McAvity emailed to the Blanks a chapter 13 petition, Exhibit D, Chapter 13 Plan, and Chapter 13 Statement of Current Monthly Income (the "CMI Form") on or about May 12, 2015. The chapter 13 petition, Exhibit D, and the CMI Form provided to the Blanks contained

**Page 2 - STIPULATION FOR ENTRY OF ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15

typewritten dates of May 12, 2015.  McAvity did not email the Statement of Financial Affairs or Schedules A through J (the "Schedules") to the Blanks for signature.

10.     The Blanks signed the petition, Exhibit D, Chapter 13 Plan, and CMI Form and mailed those documents to McAvity by first-class U.S. mail from Baker City, Oregon to the Portland Office on or about May 13, 2015.  Because McAvity did not provide the Blanks with the Statement of Financial Affairs or Schedules,  the Blanks did not sign them.

11.     On May 13, 2015, McAvity electronically filed with the Court for the Blanks a chapter 13 petition, Exhibit D, CMI Form, Schedules, Statement of Financial Affairs, Chapter 13 Plan, and related documents (the "Blank Bankruptcy Documents").  McAvity inserted a "/s/" in the locations on the Blank Bankruptcy Documents requiring the Blanks' signatures, thereby representing that he had the original documents containing the Blanks' original "wet" signatures in those locations.

12.     McAvity did not have original "wet" signatures in his possession on any of the Blank Bankruptcy Documents when he filed them electronically.

13.     McAvity electronically signed the Blank Bankruptcy Documents where an attorney's signature was required.

14.     On June 26, 2015, the Blanks appeared for their meeting of creditors in Pendleton, Oregon.  Toni D. Skinner ("Skinner") attended the meeting of creditors with the Blanks as appearance counsel.

15.     The Blanks testified during the meeting of creditors that they had not received any paperwork from McAvity to go over and were not sure what was included in the bankruptcy. The Blanks further testified that the first time they reviewed the Blank Bankruptcy Documents was on Skinner's phone five minutes before the meeting of creditors.  The Blanks testified that they were under the impression that McAvity would attend the meeting of creditors with them and explain everything.

**Page 3 - STIPULATION FOR ENTRY OF ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15

16.    On July 22, 2015, McAvity re-filed the original Schedules and Statement of Financial Affairs to reflect that the Blanks had not signed them before they were filed.

17.    On July 23, 2015, McAvity filed amended Schedules and an amended Statement of Financial Affairs that showed the Blanks had signed them on July 16, 2015.  McAvity provided copies of the signed documents bearing the Blanks' original signatures to the UST.

*In re Andrew Francis Meyer and Jillana Tappan Meyer*,

**Bankruptcy Court for the District of Oregon Case No. 15-63176-tmr13**

18.    Andrew Francis Meyer and Jillana Tappan Meyer (the "Meyers") filed a voluntary chapter 13 bankruptcy case on September 21, 2015.

19.    McAvity represents the Meyers in their chapter 13 case.

20.    The meeting of creditors in the Meyers' case was scheduled for November 5, 2015 at 9:00 a.m. (the "First Meeting").

21.    The Meyers appeared at the First Meeting.  Neither McAvity nor any other attorney appeared at the First Meeting to represent the Meyers.

22.    McAvity's failure to arrange for counsel to appear with the Meyers at the First Meeting caused the Meyers to have to attend a continued meeting of creditors and resulted in a continuation of the previously scheduled confirmation hearing.

23.    On November 9, 2015, the Court entered an Order to Show Cause in the Meyers' case requiring McAvity to appear and show cause at a hearing on January 5, 2016 as to why his fees should not be reviewed, reduced, denied, and/or other appropriate sanctions ordered for failure to appear at the First Meeting (the "Meyer OSC").

*In re Rebecca Suzanne Seraphine*,

**Bankruptcy Court for the Western District of Washington Case No. 15-42758-PBS**

24.    On June 8, 2015, Rebecca Suzanne Seraphine ("Seraphine") met with McAvity at the Vancouver Office and signed her chapter 13 petition, schedules, statements, and related documents (the "Seraphine Bankruptcy Documents").  However, Seraphine was not sure that she

**Page 4 - STIPULATION FOR ENTRY OF ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15

wanted to file bankruptcy. McAvity agreed not to file the Seraphine Bankruptcy Documents until Seraphine authorized him to do so.

25. McAvity filed the Seraphine Bankruptcy Documents in the Bankruptcy Court for the Western District of Washington on June 9, 2015, without Seraphine's authorization. Seraphine learned that the case had been filed after she received notification that her bank account was frozen due to her bankruptcy filing.

### *In re Joseph Calvin Benoit and Deanna Louise Knight*,

### Bankruptcy Court for the District of Oregon Case No. 15-34611-pcm13

26. McAvity filed a chapter 13 petition for Joseph Calvin Benoit and Danna Louise Knight on September 30, 2015 (the "Benoit/Knight Case").

27. The Court entered an order in the Benoit/Knight Case on October 1, 2015, requiring the filing of the missing schedules, statements, and other documents (the "Missing Documents") by October 15, 2015.

28. The Missing Documents were not timely filed, and the Benoit/Knight Case was dismissed as a result on October 23, 2015.

29. On October 27, 2015, McAvity filed a motion to reopen the Benoit/Knight Case. The motion stated that the Missing Documents had been signed by the debtors but were not filed by McAvity's office.

30. McAvity represents that NW Debt Relief paid the reopening fee in the Benoit/Knight case and did not require the debtors to pay the fee.

### NW Debt Relief's Chapter 7 Pre-petition Fee Agreements

31. As of the date of McAvity's Fed. R. Bankr. P. 2004 examination, NW Debt Relief's form chapter 7 fee agreement (the "Chapter 7 Fee Agreement") gave clients the option to not pay all attorney's fees pre-petition. In cases in which clients elected not to pay all attorney's fees before the petition date, the Chapter 7 Fee Agreement provided that NW Debt Relief's contractual responsibilities ended upon completion of the filing of the client's chapter 7

**Page 5 - STIPULATION FOR ENTRY OF ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15

case, but that NW Debt Relief would be professionally obligated to serve as counsel until the Court allowed NW Debt Relief to withdraw.

32.     The Chapter 7 Fee Agreement provided clients who elected not to pay pre-petition fees in full with three options after the bankruptcy case was filed: (i) proceed without counsel, (ii) retain other counsel, or (iii) enter into a new agreement with NW Debt Relief post-petition.

33.     McAvity represents that he did not enforce the terms of the Chapter 7 Fee Agreement and that NW Debt Relief has not discontinued its representation of a chapter 7 client due to the client's failure to pay post-petition fees or enter into a post-petition fee agreement.

## Admissions Regarding Violations

34.     McAvity admits that he electronically filed the Schedules and Statement of Financial Affairs representing that the Blanks had signed them when, in fact, the Blanks had not reviewed or signed them.

35.     McAvity admits that he violated the Court's electronic filing requirements and LBR 9011-4(b) by including the Blanks' electronic signatures on the Schedules and Statement of Financial Affairs that had not been signed, thereby misrepresenting that the documents had been signed.

36.     McAvity admits that he made inaccurate certifications pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, LBR 9011-4(b), and the Attorney Registration for Participation in Electronic Case File (ECF) System (LBR 130) by failing to obtain and possess the Blanks' signatures on the Schedules and Statement of Financial Affairs before he filed them.

37.      McAvity admits that he violated the Court's electronic filing requirements and LBR 9011-4(b) by filing the Blanks' petition, Exhibit D, and CMI Form before he possessed the original "wet" signed documents at the time of filing them.

38.     McAvity admits that he failed to calendar the First Meeting in the Meyers' bankruptcy case and therefore failed to make arrangements for counsel to appear with the Meyers.

**Page 6 - STIPULATION FOR ENTRY OF ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15

39.     McAvity admits that he filed the Seraphine Bankruptcy Documents before Seraphine authorized him to file them.

40.     McAvity admits that he failed to timely file the Missing Documents in the Benoit/Knight Case, which caused the case to be dismissed.

41.     McAvity admits that NW Debt Relief's Chapter 7 Fee Agreement does not comply with the requirements of Oregon LBR 9010-1(e) setting forth the requirements and procedures in cases in which attorneys agree to represent debtors other than in all matters in a bankruptcy case.

### Representations of McAvity Regarding Efforts to Improve Office Practices

42.     McAvity represents that he hired an additional full-time paralegal following the UST's initial inquiries in the above cases for the purpose of improving office practices in calendaring dates and deadlines.

43.     McAvity represents that he conferred with the Oregon State Bar Professional Liability Fund (the "PLF") practice management advisors following the UST's initial inquiries in the above cases for the purpose of identifying ways to improve workflow in his office.  McAvity represents that he will implement the recommendations of the PLF practice management advisors.

### Goals of Stipulation

44.     The UST's goals in connection with the Stipulation outlined below are to address the most significant issues identified in the cases reviewed, prompt McAvity to review and address similar issues arising in other existing cases, and obtain McAvity's compliance with pertinent requirements and procedures in future cases.  In the event the Stipulation and proposed order do not prove adequate to meet these goals or McAvity fails to comply with the terms of the order, the UST intends to seek compensatory and coercive remedies.

**Page 7 - STIPULATION FOR ENTRY OF ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15

## Stipulation re Proposed Order

45.     Based on the foregoing Stipulated Facts, the UST and McAvity stipulate to resolving the UST's concerns regarding McAvity's conduct in the above-referenced cases as described herein by the lodging and entry of an Order Requiring (i) 30-day Cessation of Intake of Certain New Chapter 13 Clients, (ii) Certification of Weekly Review of Hearing and Deadline Calendars, and (iii) Legal Education (the "Order") in the form attached as Exhibit 1 hereto that provides as follows:

a.      For a period of 30 days immediately following the entry of the Order, McAvity and NW Debt Relief shall not accept new chapter 13 bankruptcy clients in the District of Oregon or, for cases in which the meeting of creditors would be scheduled in Vancouver, Washington, in the Western District of Washington.  This provision is not intended to impair McAvity's and NW Debt Relief's ability to accept new chapter 13 bankruptcy clients for cases in which the meeting of creditors will be held in Seattle, Washington or Tacoma, Washington.

b.      McAvity shall certify to this Court on a weekly basis for a period of 60 days that McAvity has personally reviewed the Courts' hearing calendars and the calendars for meetings of creditors in the District of Oregon and Western District of Washington.  The certifications shall be filed by Friday of each week for the following week and shall certify that all scheduled meetings and hearings for NW Debt Relief clients are on the firm's calendar and appropriate appearances will be made by counsel.  The first certification shall be filed on the first Friday following entry of the Order.

c.      McAvity shall review and comply with all rules, procedures, and agreements involving electronic case filing and document retention, including without limitation, Oregon LBR 5005-4(e), Oregon LBR 9011-4, and Oregon LBR 9037-1; Oregon's Administrative Procedures for Electronically Filing Case Documents (LBR 125); and Oregon's Attorney Registration for Participation in Electronic Case File (ECF) System (LBF 130).

**Page 8 - STIPULATION FOR ENTRY OF ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15

d.    By March 31, 2016, McAvity shall take three hours of continuing legal education eligible for ethics credits on the subjects of bankruptcy law or consumer law.

e.    McAvity and NW Debt Relief shall not accept any Oregon or Washington clients unless such clients reside within a 60-mile radius of a location of where McAvity and/or NW Debt Relief maintain a physical law office.

f.    McAvity shall comply with the requirements of Oregon LBR 9010-1(e) in all cases in which a client retains McAvity and/or NW Debt Relief for bankruptcy representation that is limited to less than all matters relating to the case.

g.    In the event that McAvity fails to comply with the terms of the Order, the UST may pursue such action as the UST deems appropriate.

h.    The Stipulation and the Order do not affect the UST's ability to:

    i.    Refer McAvity's conduct to the Oregon State Bar, the Washington State Bar, or the United States Attorney;

    ii.    Take such action as the UST deems appropriate in any case referenced herein to the extent that such action is not related to the conduct and deficiencies summarized in the Stipulated Facts set forth above; and

    iii.    Take any action that the UST deems appropriate in any case not referenced herein.

i.    The Stipulation and the Order do not affect the rights of McAvity's clients, their bankruptcy trustees, their creditors, or any interested party.

j.    The Stipulation and the Order do not affect the Court's ability to impose additional sanctions or relief against McAvity on the Court's own initiative, including without limitation, the Meyer OSC.

k.    The Court shall retain exclusive jurisdiction to enforce the terms of the Stipulation and the Order as well as to hear and adjudicate any motions for their enforcement or contempt related to the Order.

**Page 9 - STIPULATION FOR ENTRY OF ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15

l.        Neither the Stipulation nor the Order are intended to alter, limit, or affect

McAvity's existing or future obligations under the Oregon Rules of Professional Conduct; the

Washington Rules of Professional Conduct; the Bankruptcy Code; the Federal Rules of

Bankruptcy Procedure; Local Bankruptcy Rules, forms, procedures, and practices; or under any

other Court order.

**IT IS SO AGREED:**

THOMAS McAVITY


  /s/ Thomas McAvity                          Dated:   12/30/15
Thomas McAvity, OSB#001751


GAIL BREHM GEIGER, Acting U.S. Trustee for Region 18


By:      /s/ Carla G. McClurg                      Dated:   12/30/15
Carla G. McClurg, CSB #227738
Trial Attorney

**Page 10 - STIPULATION FOR ENTRY OF ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15

**Exhibit 1**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Thomas McAvity | Miscellaneous Case No.  15-304-pcm<br><br>**STIPULATED ORDER REQUIRING:**<br>**(i) 30-DAY CESSATION OF INTAKE**<br>**OF CERTAIN NEW CHAPTER 13**<br>**CLIENTS, (ii) CERTIFICATION OF**<br>**WEEKLY REVIEW OF HEARING**<br>**AND DEADLINE CALENDARS, AND**<br>**(iii) LEGAL EDUCATION** |

Based on the Stipulation for Entry of Order Requiring (i) 30-day Cessation of Intake of

Certain New Chapter 13 Clients, (ii) Certification of Weekly Review of Hearing and Deadline

Calendars, and (iii) Legal Education (the "Stipulation") between Acting United States Trustee for

Region 18 Gail Brehm Geiger (the "UST") and attorney Thomas McAvity ("McAvity") in his

own personal capacity and as the principal of Northwest Debt Relief Law Firm, P.C. ("NW Debt

Relief"), now therefore,

/  /  /

**IT IS HEREBY ORDERED** that:

1.       For a period of 30 days immediately following the entry of this Order, McAvity and NW Debt Relief shall not accept new chapter 13 bankruptcy clients in the District of Oregon or, for cases in which the meeting of creditors would be scheduled in Vancouver, Washington, in the Western District of Washington.  This Order is not intended to impair McAvity's and NW Debt Relief's ability to accept new chapter 13 bankruptcy clients for cases in which the meeting of creditors will be held in Seattle, Washington or Tacoma, Washington.

2.       McAvity shall certify to this Court on a weekly basis for a period of 60 days that McAvity has personally reviewed the Courts' hearing calendars and the calendars for meetings of creditors in the District of Oregon and Western District of Washington.  The certifications shall be filed by Friday of each week for the following week and shall certify that all scheduled meetings and hearings for NW Debt Relief clients are on the firm's calendar and appropriate appearances will be made by counsel.  The first certification shall be filed on the first Friday following entry of this Order.

3.       McAvity shall review and comply with all rules, procedures, and agreements involving electronic case filing and document retention, including without limitation, Oregon LBR 5005-4(e), Oregon LBR 9011-4, and Oregon LBR 9037-1; Oregon's Administrative Procedures for Electronically Filing Case Documents (LBR 125); and Oregon's Attorney Registration for Participation in Electronic Case File (ECF) System (LBF 130).

4.       By March 31, 2016, McAvity shall take three hours of continuing legal education eligible for ethics credits on the subjects of bankruptcy law or consumer law.

**Page 2 of 5** - **STIPULATED ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15

5.      McAvity and NW Debt Relief shall not accept any Oregon or Washington clients unless such clients reside within a 60-mile radius of a location of where McAvity and/or NW Debt Relief maintain a physical law office.

6.      McAvity shall comply with the requirements of Oregon LBR 9010-1(e) in all cases in which a client retains McAvity and/or NW Debt Relief for bankruptcy representation that is limited to less than all matters relating to the case.

7.      In the event that McAvity fails to comply with the terms of this Order, the UST may pursue such action as the UST deems appropriate.

8.      This Order and the Stipulation do not affect the UST's ability to:

> i.      Refer McAvity's conduct to the Oregon State Bar, the Washington State Bar, or the United States Attorney;
>
> ii.     Take such action as the UST deems appropriate in any case referenced herein to the extent that such action is not related to the conduct and deficiencies summarized in the Stipulated Facts set forth above; and
>
> iii.    Take any action that the UST deems appropriate in any case not referenced herein.

9.      This Order and the Stipulation do not affect the rights of McAvity's clients, their bankruptcy trustees, their creditors, or any interested party.

10.     This Order and the Stipulation do not affect the Court's ability to impose additional sanctions or relief against McAvity on the Court's own initiative, including without limitation, the Order to Show Cause entered by the Court on November 9, 2015 in the case of *In re Andrew Francis Meyer and Jillana Tappan Meyer*, Bankruptcy Court for the District of Oregon Case No. 15-63176-tmr13, requiring McAvity to appear and show cause at a hearing on January 5, 2016 as to why his fees should not be reviewed, reduced, denied, and/or other

Page 3 of 5 - **STIPULATED ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15

appropriate sanctions ordered for failure to appear at the first meeting of creditors.

 11. The Court shall retain exclusive jurisdiction to enforce the terms of the Stipulation and this Order as well as to hear and adjudicate any motions for their enforcement or contempt related to this Order.

 12. Neither this Order nor the Stipulation are intended to alter, limit, or affect McAvity's existing or future obligations under the Oregon Rules of Professional Conduct; the Washington Rules of Professional Conduct; the Bankruptcy Code; the Federal Rules of Bankruptcy Procedure; Local Bankruptcy Rules, forms, procedures, and practices; or under any other Court order.

**IT IS SO STIPULATED:**

 THOMAS McAVITY

 __/s/ Thomas McAvity_____ Dated: __12/30/15_____
 Thomas McAvity, OSB#001751

 GAIL BREHM GEIGER, Acting U.S. Trustee for Region 18

By: __/s/ Carla G. McClurg_____ Dated: __12/30/15_____
 Carla G. McClurg, CSB #227738
 Trial Attorney

# # #

I hereby certify that I have complied with the requirements of LBR 9021-1(a)(1)(B).

/ / /

/ / /

/ / /

/ / /

**Page 4 of 5** - **STIPULATED ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Presented by:

GAIL BREHM GEIGER
Acting United States Trustee for Region 18


/s/ Carla G. McClurg
Carla G. McClurg, CSB #227738
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Rm. 213
Portland, OR  97205
Telephone:  (503) 326-7659
Email:  carla.mcclurg@usdoj.gov

Copies to:

Thomas McAvity, Esq.
Northwest Debt Relief Law Firm, P.C.
2225 NE Alberta Street, Ste. A
Portland, OR 97211

**Page 5 of 5** - **STIPULATED ORDER REQUIRING: (i) 30-DAY CESSATION OF INTAKE OF CERTAIN NEW CHAPTER 13 CLIENTS, (ii) CERTIFICATION OF WEEKLY REVIEW OF HEARING AND DEADLINE CALENDARS, AND (iii) LEGAL EDUCATION**

Case 15-00304-pcm    Doc 1    Filed 12/30/15